UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LEROY a/k/a DEREK LEROY MCSMITH            CIVIL ACTION

VERSUS                                     NUMBER: 06-10903

U.S. DEPARTMENT OF HOUSING AND             SECTION: "C"(5)
URBAN DEVELOPMENT, ET AL.


### REPORT AND RECOMMENDATION

The above-captioned matter previously came before the Court pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915. Section(e)(2) of the foregoing statute directs district courts to dismiss a case, "... at any time ...", if it is determined, inter alia, that the action is frivolous or malicious or fails to state a claim upon which relief can be granted. The Court thus issues this Report and Recommendation with respect to the amended complaint plaintiff filed herein on December 28, 2006 against the Honorable Loretta G. Whyte, Clerk of Court. (Rec. doc. 5).

On December 12, 2006, plaintiff presented the above-captioned complaint to the Court for filing. Named as defendants in that

original complaint were the U.S. Department of Housing and Urban Development ("HUD"), Julie Criddle, and the United States. (Rec. doc. 3). The basis of plaintiff's lawsuit was that the defendants had failed to investigate a complaint of housing discrimination he had supposedly lodged with HUD in October of 2006. (Id.). On December 28, 2006, before any responsive pleadings had been served, plaintiff filed an amended complaint against Clerk of Court Whyte under the Federal Tort Claims Act ("FTCA") and the Due Process Clause of the Fifth Amendment, alleging that Whyte failed to act on a motion for default judgment plaintiff had filed in one of his numerous other lawsuits pending in this court, McSmith v. Blackwater, Inc., 06-CV-4601 "C"(2). A review of the record in the latter case reveals that on November 30, 2006, plaintiff filed a motion for a default judgment under Rule 55(b)(1), Fed.R.Civ.P., requesting that judgment be rendered in his favor in the amount of $200,395.00 (O6-CV-4601, rec. doc. 6). On December 11, 2006, the District Judge denied plaintiff's motion for default judgment. (O6-CV-4601, rec. doc. 7). As noted above, plaintiff filed his original complaint in this case on December 12, 2006 and his amended complaint against Whyte on December 28, 2006.

Having reviewed plaintiff's first amended complaint in this case, the Court concludes that it lacks an arguable basis in law and fact and should thus be dismissed as frivolous under 28 U.S.C.

§1915(e)(2)(B)(i).  First, although plaintiff filed his first amended complaint, prior to a responsive pleading being served, under the liberal provisions of Rule 15(a), the allegations in the amended pleading are wholly unrelated to those set forth in plaintiff's original complaint.  Second, prior to filing his motion for default judgment in 06-CV-4601, plaintiff had not moved for the entry of a default under Rule 55(a), a condition precedent to the rendition of a judgment of default under Rule 55(b), whether done by the clerk or the court.  <u>Griffin v. Foti</u>, 2003 WL 22836493 at *1 (E.D. La. 2003)(citing <u>Great Atlantic Pacific Tea Co. v. Heath</u>, 1995 WL 258317 at *1 (E.D. La. 1995)).  Third, by the time that plaintiff had filed his amended complaint against Whyte, the District Judge had already denied plaintiff's motion for default judgment.  The plain fact of the matter is that at no time was there anything pending in 06-CV-4601 that was in a procedurally proper posture for Clerk of Court Whyte to act upon.  No violations of the FTCA or the Due Process Clause are apparent here.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's amended complaint against Clerk of Court Whyte be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate

judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that Such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

    New Orleans, Louisiana, this __7th__ day of ____March____, 2007.

                                         _____
                                          UNITED STATES MAGISTRATE JUDGE