UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEROY a/k/a DEREK LEROY MCSMITH          CIVIL ACTION

VERSUS                                   NUMBER: 06-10903

U.S. DEPARTMENT HOUSING                  SECTION: "C"(5)
URBAN DEVELOPMENT, ET AL.

## REPORT AND RECOMMENDATION

Presently before the Court is the motion to dismiss of defendants, the U.S. Department of Housing and Urban Development ("HUD"), Truddy Criddle, and the United States of America ("the HUD defendants"), and plaintiff's opposition thereto. (Rec. docs. 23, 30). For the reasons that follow, it is recommended that defendants' motion be granted and that plaintiff's suit be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Pro se plaintiff, Leroy a/k/a Derek Leroy McSmith, filed the above-captioned complaint against the HUD defendants on December 13, 2006, alleging that said defendants had failed to investigate

a complaint of housing discrimination he had supposedly lodged with them in October of 2006 regarding the rental of an apartment located in Baton Rouge. (Rec. doc. 3).[1]/ Plaintiff styled his complaint as one for "... non-compliance with the Fair Housing Act" and prayed for an order directing the defendants to comply with said Act, incidental costs, and whatever other relief the Court deemed appropriate. (Id.).[2]/.

The HUD defendants now move for the dismissal of plaintiff's claims against them, arguing that sovereign immunity deprives the Court of jurisdiction to entertain plaintiff's lawsuit and that no valid claim upon which relief can be granted has been stated. (Rec. doc. 23). In response to defendants' motion, plaintiff again identifies 42 U.S.C. §3610 as the operative statute and reiterates that he has not received confirmation from the defendants of his complaint of discrimination or the results of any investigation conducted into it. (Rec. doc. 30).

---

[1]/ Before any responsive pleadings were served, plaintiff amended his complaint to add the Honorable Loretta G. Whyte as an additional defendant on a completely unrelated cause of action. (Rec. doc. 5). The Court previously issued a Report and Recommendation addressing plaintiff's purported claim against Clerk of Court Whyte. (Rec. doc. 22).

[2]/ Plaintiff subsequently amended his complaint to correctly identify defendant Criddle and to cite 42 U.S.C. §3610 as the statute that has allegedly not been complied with. (Rec. docs. 15, 29).

The Fair Housing Act, 42 U.S.C. §3601 et seq., contains an enforcement procedure whereby an aggrieved person who believes that he or she has been the victim of an alleged discriminatory housing practice may file a complaint with the Secretary of HUD who is then to make and complete an investigation into the complaint within one hundred days unless it is impracticable to do so.   42 U.S.C. §3610(a)(1)(A), (B).   If the Secretary is unable to complete his investigation within that time frame, he is to notify the complainant and the respondent in writing of the reasons for his inability to do so.   42 U.S.C. §3610(a)(1)(C).   Notably, the Fair Housing Act further provides that "[a]n aggrieved person may commence a civil action [to obtain judicial review of the alleged discriminatory housing practice] ... whether or not a complaint has been filed under Section 3610(a) of this title and without regard to the status of any such complaint ..." 42 U.S.C. §3613(a)(2).

The relief requested by plaintiff in the instant case (i.e., an order directing HUD to conduct its statutory investigation under §3610(a)(B)(iv)), is in the nature of mandamus.   As the Court was unable to find any reported decisions dealing with requests for mandamus relief with respect to §3610(a)(B)(iv), the Court will seek guidance from similar cases in which the petitioner sought to compel a federal enforcement agency, like HUD, to perform a statutorily-mandated investigation.

In <u>Newsome v. EEOC</u>, 301 F.3d 227 (5th Cir.), <u>cert</u>. <u>denied</u>, 537 U.S. 1049, 123 S.Ct. 660 (2002), the petitioner filed a writ of mandamus to compel the EEOC to reopen her administrative case and to investigate her charge of discrimination further. Noting that mandamus is an "extraordinary remedy" which is not available to review discretionary acts of agency officials, the Fifth Circuit observed that 42 U.S.C. §2000e-5(b) did not prescribe the manner in which the EEOC was to conduct its investigations notwithstanding the statute's directive that it "... shall ..." do so. <u>Id</u>. at 231. Because the nature and extent of the EEOC's investigation was discretionary, the Fifth Circuit found that the petitioner did not have a "clear right" to a writ of mandamus, a jurisprudential requirement. <u>Id</u>. Moreover, insofar as the petitioner in <u>Newsome</u> had another adequate remedy available in the form of a lawsuit against her employer irrespective of the status of the EEOC's investigation into her charge of discrimination, mandamus relief was unavailable. <u>Id</u>. The Fifth Circuit further found that Title VII could not be invoked by the petitioner as a jurisdictional basis for suing the EEOC. <u>Id</u>. at 232 (citing <u>Gibson v. Missouri Pacific Railroad</u>, 579 F.2d 890, 891 (5th Cir. 1978), <u>cert</u>. <u>denied</u>, 440 U.S. 921, 99 S.Ct. 1245 (1979)). Ultimately, the Fifth Circuit affirmed the trial court's dismissal of petitioner's mandamus as frivolous and for failing to state a claim upon which relief could

4

be granted and further found that the appeal at hand was itself frivolous, cautioning the petitioner against advancing such meritless claims in the future. Id. at 233-34. Unfortunately, the petitioner failed to heed that warning and was monetarily sanctioned following her subsequent pursuit of a similar frivolous appeal. Newsome v. EEOC, 54 Fed.Appx. 797, 2002 WL 31845750 (5th Cir. 2002).

Just like the statutory directive imposed on the EEOC under Title VII, HUD is also mandated to investigate individuals' complaints of discrimination under the Fair Housing Act. And just like Title VII, the Fair Housing Act does not prescribe the precise manner in which in which HUD is to conduct its investigations. Similarly, an aggrieved person may file a lawsuit for an alleged violation of the Fair Housing Act irrespective of whether or not an administrative complaint was filed under §3610(a). 42 U.S.C. §3613(a)(2). That being the case, mandamus relief is not available here to compel HUD to investigate plaintiff's complaint of alleged housing discrimination. Defendants' motion to dismiss should thus be granted and plaintiff's lawsuit should be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P., and 28 U.S.C. §1915(e)(2)(B)(i) and (ii). Newsome, 301 F.3d at 233.

## RECOMMENDATION

For the foregoing reasons, it is recommended that defendants'

motion to be dismiss be granted and that plaintiff's claims against defendants, HUD, Truddy Criddle, and the United States of America, be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P., and 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __7th__ day of _____May_____, 2007.

_____
UNITED STATES MAGISTRATE JUDGE